IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
Civil Action No. 3:05CV258-C

| | | |
|---|---|---|
| JACQUE JOHNSON, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CONSENT PROTECTIVE ORDER |
| | ) | |
| MECHANICS AND FARMERS BANK, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

UPON THE AGREEMENT OF THE PARTIES pursuant to Fed. R. Civ. P. 26(c) and the undersigned Judge being otherwise sufficiently advised, IT IS HEREBY ORDERED that this Order shall govern discovery provided by any party to this action to the extent applicable:

1. All documents produced, all responses to interrogatories, all disclosures in depositions, and all responses to requests for admissions, that contain confidential or proprietary information, including but not limited to personnel files and documents concerning employees, customer information, or any other documents that the party producing or providing the information, in good faith, considers confidential under Fed. R. Civ. P. 26, may be designated as confidential by them (hereinafter "Confidential Information") and may not be disclosed, without further order of this Court, directly or indirectly, to any person other than a Qualified Person. Disclosure to a Qualified Person shall be made only for the purpose of the prosecution or defense of the claims herein and for no other purpose except by further order of this Court.

   A.   Qualified Person is defined as:



i. The named parties to this litigation;

ii. Counsel directly involved in this litigation on behalf of the named parties and the paralegals, secretaries and other staff persons employed by counsel;

iii. Experts or consultants retained by a party or their counsel in connection with this litigation;

iv. The United States District Court for the Western District of North Carolina and its staff, as well as court reporters engaged in this matter;

v. Persons whom counsel of record believe are likely to give testimony on matters relating to the Confidential Information or who are believed to possess information necessary for the prosecution or defense of this litigation; and

vi. Any other person, disclosure to whom is authorized in advance in writing by the parties hereto.

2. The producing party shall designate "Confidential Information" by clearly marking all such materials, and all copies thereof, with the word "Confidential." In the case of multi-page documents, the word "Confidential" may be stamped on the first page of such documents that are deemed to contain Confidential Information. In the case of depositions, designation of a portion or all of the transcript (including exhibits) that contain Confidential Information shall be made by a statement to that effect on the record during the deposition, or within ten business days after the transcript becomes available. Pending the expiration of such ten-day period, the transcript and exhibits shall be treated as Confidential Information in their entirety. If the designation is made during a deposition with regard to only a portion of the

deposition, the reporter attending the deposition shall thereafter bind the transcript in two separate portions containing the non-confidential material and the Confidential Information, and the reporter shall affix the appropriate legend on the cover of the confidential portions of the transcript. If the designation is made after receipt of the transcript of the deposition, all parties shall be notified, in writing, of the pages that are to be treated as Confidential Information. The parties may modify this procedure for any particular deposition through agreement of all parties attending the deposition, as reflected on the record of such deposition, without further order of the Court.

3. Any material containing Confidential Information covered by this Order when filed with the Court (including depositions) shall indicate that it is regarded as Confidential Information and shall be clearly marked with the word "Confidential." Confidential Information shall be used solely for the purpose of this litigation, and shall not be disclosed or communicated to anyone other than a Qualified Person. Each Qualified Person to whom disclosure is made of any information covered by this Order shall be informed of the terms of this Order prior to such disclosure being made and shall be bound by the terms of this Order.

(i) The party submitting particular documents under seal shall accompany that submission with a motion to seal and a supporting memorandum of law in which the movant specifies the interests which would be served by restricting public access to those documents. The Court will grant the motion only after providing adequate notice to the public and opportunity for interested parties to object, after carefully weighing the interests advanced by the movant and those interests favoring public access to judicial documents and records, and upon finding that the interests advanced by the movant override any common law or constitutional right of public access which may attach to the document(s).

(ii) Documents submitted under seal in accordance with this paragraph shall remain under seal pending the Court's ruling.

(iii) The control of Confidential Information shall, at all times, be personally maintained by the attorneys for the parties and/or their designated employees, associates or agents.

(iv) After the matter is finally concluded and sufficient time has elapsed to bar any appeal from or any attempt to otherwise set aside any judgment rendered herein, counsel shall either return all documents, depositions and other material containing Confidential Information to the party who produced or provided the information, or counsel shall destroy all documents, depositions and other material containing Confidential Information. Any information derived from the Confidential Information, such as notes, abstracts or summaries, that counsel believes it is necessary to retain for a designated period of time will be treated as confidential and maintained as such. At the end of the required period of time, counsel agree to destroy such information. Counsel also agree not to use or disclose such information unless required to do so by a court or other legal tribunal. In the event such disclosure becomes necessary, the disclosing counsel agrees to notify counsel for the other party of such disclosure.

4. The fact a party has designated certain material as Confidential Information does not constitute a stipulation by any other party that such material is confidential. If a party at any time wishes to have a confidentiality designation removed from Confidential Information, that party shall make a written request to the producing party. If the producing party refuses, the requesting party may file a motion requesting an order removing restrictions.

5. Nothing in this Order shall be deemed a waiver of any applicable privilege, doctrine, immunity, confidentiality issue or other basis for or objection to the production or non-

production, including without limitation the attorney-client privilege or the attorney work-product doctrine or any objection thereto.

6. This Order shall be binding on the parties, their counsel, and their predecessors, successors, parent companies, subsidiaries, affiliates, employees, agents, representatives, heirs, devisees, and assigns.

IT IS SO ORDERED this 10th day of October, 2006.

_____
Carl Horn, III
UNITED STATES DISTRICT COURT JUDGE

**WE CONSENT:**

BY: _____
Humphrey S. Cummings
N.C. State Bar No. 7677
The Cummings Law Firm, P.A.
1230 West Morehead Street, Suite 204
Charlotte, NC 28208-5210
Telephone: (704) 376-2853
*Counsel for Plaintiff*

BY: _____
Charles A. Edwards
N.C. State Bar No. 13881
Sheri L. Roberson
N.C. State Bar No. 23454
Womble Carlyle Sandridge & Rice, PLLC
P.O. Box 831
Raleigh, NC 27602
Telephone: (919) 755-2173
*Counsel for Defendant*